ALEXANDER WILSON, PLAINTIFF IN ERROR, V. WILSON T. MOORE ET AL., DEFENDANTS IN ERROR.

Assignment for Creditors: CONTRACT TO BUY UP CLAIMS. A and B being insolvent made an assignment of all their property for the benefit of their creditors. C, a banker, then stated to them that if they would furnish him the name, address, and amount owing to each creditor and aid him in buying up the claims, he would purchase the same and accept the assigned estate in full satisfaction thereof. *Held*, In an action to recover the difference between the amount paid by the estate and the face value of the claims: 1. That the contract was valid. 2. That the contract, though verbal, being completed, was not void, by the statute of frauds, and the services, being valuable, were sufficient to sustain the contract.

ERROR to the district court for Lancaster county. Tried below before POUND, J. The facts appear in the opinion.

*Burr & Kelly*, for plaintiff in error.

The agreement is void. *Taylor v. Boardman*, 24 Mich.,

287.   *Richardson v. Johnson*, 41 Wis., 100.   *Marcy v. Marcy*, 9 Allen, 8.   *Eiscley v. Malchow*, 9 Neb., 180. *Baldwin v. Palmer*, 10 N. Y., 232.   *Scott v. Thomas*, 1 Scam., 58.   *Erben v. Lorillard*, 19 N. Y., 299.   Browne on the Statute of Frauds, 118, 131, 134.

*Lamb, Billingsley & Lambertson*, for defendant in error, cited:  *Doyle v. Knapp*, 3 Scam., 337.   *Tompkins v. Phillips*, 12 Georgia, 52.   *Warren v. Whitney*, 24 Maine, 561. *Hubbard v. Coolidge*, 1 Metcalf, 84.   *Perry v. Buckman*, 33 Vermont, 7.   *Sanford v. Huxford*, 32 Mich., 313. *Randle v. Harris*, 6 Yerger, 508.   *Berry v. Graddy*, 1 Met. (Ky.), 553.   *Burr v. Wilcox*, 13 Allen, 269.

MAXWELL, J.

This is an action brought in the district court of Lancaster county by the plaintiff against Wilson T. Moore and George Sexton, upon certain evidences of debt, to recover the sum of $16,541.21, with interest from September, 1876.   Judgment was rendered in the court below in favor of the defendants.   The plaintiff brings the cause to this court by petition in error.

The errors assigned are in substance that the verdict is against the weight of evidence, and certain erroneous instructions of the court.

It appears from the evidence that in May, 1875, the defendants were doing business at Lafayette, Indiana, and being unable to pay their debts in full made an assignment for the benefit of their creditors.   The property assigned was appraised at the sum of $17,714.61, from which a deduction of $600 was made for exempt property.   The character of the property assigned is shown by the report of the assignee, who states therein that it consisted " almost exclusively of a stock of leather, findings, shoemakers' and harnessmakers' supplies, and of a parcel of untanned leather and tanners' stock at the tannery on the lands of

said Moore, in said Tippecanoe county." The plaintiff was engaged in banking, and the defendants were indebted to the bank in the sum of $6000, secured by mortgage; $3000 of this sum had been loaned to the defendants within four months preceding the assignment, and the remainder of the sum, secured by mortgage, was an antecedent debt.

The plaintiff purchased claims against the estate of the defendants amounting in the aggregate to more than $20,000, for twenty-five per cent of the face value, and received from the estate payment in full of the mortgage heretofore referred to, and more than twenty-eight per cent on the claims purchased against the defendants, together with many other advantages not possessed by other creditors.

This action is brought to recover the balance due upon the claims at their face value. The defendant Moore, as a defense to the action, alleges in substance that soon after the assignment the plaintiff came to him and stated that he could buy up the claims for the special benefit of the defendants; that he could afford to pay forty cents on the dollar, but that he would not pay more than twenty-five cents on the dollar, and that if the defendants would stay there and assist him in buying the claims—"meeting the creditors there and tell them he would buy the claims," and furnish the names and residences of the creditors to the plaintiff, he would take the property assigned in full payment of said claims. The defendant Moore testifies fully that he performed his part of said agreement and aided the plaintiff all that he could in purchasing said claims. This is denied by the plaintiff, but the clear preponderance of the testimony sustains the defendant's answer. The testimony tends to show that friendly and intimate business relations had existed between the plaintiff and defendants for some time previous to the assignment; that the plaintiff went to the defendant as a friend having money which he was anxious to invest, and make something in the

transaction, and at the same time perform a friendly act by accepting the bankrupt estate in full satisfaction of the claims, and free the defendants from the embarrassments of debt, which would paralyze their efforts and prevent their engaging in business on their own account. The stock was of such a character as to be readily convertible into money, and its value was known within a few dollars. If, therefore, the plaintiff could be informed of the entire amount of the debts, the name, and residence of, and amount due each creditor, he could purchase the claims with the absolute certainty of making a good investment. That this information was furnished by the defendants there is not, in our minds, a shadow of doubt.

But it is said that the contract is void because not in writing. If the contract rested in a mere promise it could not be enforced, as, if the plaintiff had agreed to purchase the claims, but had failed to do so, no action would lie to compel the performance of the contract. Suppose the defendants, by a verbal agreement before the assignment, had sold the plaintiff all the property afterwards assigned, such contract could not be enforced unless the plaintiff had paid a portion of the purchase money, or received a part of the property. Up to that point the statute of frauds would be a complete defense; but the instant that he accepted the property or a portion of it under the contract, or paid a portion of the purchase price, that instant the contract would become as valid and effectual as if in writing. So in the case at bar, the proposition of the plaintiff was accepted by the defendants, and the services performed in pursuance thereof. The contract is therefore as valid as if in writing.

It is urged that there was no consideration for the contract. Without discussing that branch of the law relating to injuries sustained by a party as being a consideration, it will not be denied that anything of value received by a party is as to him a valuable consideration. And this con-

sideration may be in money, property, or services. In this case the consideration was certain services to be performed by the defendants. The services have been performed according to the agreement. The services were of value, the parties were capable of contracting, and the court will not measure the value of such services to see if it is possible to avoid the contract. It is sufficient that the contract is completed as agreed upon, and the plaintiff, having obtained all that was promised to him from the defendants, cannot retain the benefits thus derived and insist on the invalidity of the contract. The defendants seem to have surrendered all their property for the benefit of their creditors, and this seems to be conceded by the plaintiff. It was found necessary, even at common law, which authorized imprisonment for debt, to provide relief for debtors in case of inevitable misfortune. Hence insolvent and bankrupt laws, which were intended to secure the application of the debtor's effects to the payment of his debts, and thus discharge him from them. 2 Kent's Com., 389. Can it be possible that the defendants, after surrendering all their estate and having it applied to the payment of their debts, were still to remain indebted to their professed friend in a sum sufficient to prevent their ever again engaging in business? The United States bankrupt law was then in full force, and it is pretty clear that, had proceedings in bankruptcy been instituted in the United States court, a question would have arisen as to the validity of the plaintiff's mortgage for $3000, and it is probable that the plaintiff was aware of this fact. No error has been pointed out in the instructions, and it is unnecessary to examine them.

It is very clear that justice has been done in the premises, and there is no error in the record. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.